THE STATE, MOLLIE ORENSTINE, PROSECUTRIX, v.
JOSEPH SCHAFFER.

1. A writ of attachment, issued out of the court for the trial of small causes, under the eighty-fourth section of the Attachment act (*Gen. Stat., p.* 113), must be directed to one of the constables of the county, and he must execute and return the writ in order to confer jurisdiction upon the justice to proceed to judgment in the action.

2. A justice of the peace, who issues an attachment in the court for the trial of small causes, has no authority to deputize a private citizen to execute and return the same. The return made by such deputized person is a nullity, and by it the justice acquires no right to proceed any further upon the writ.

On *certiorari*.

Argued at June Term, 1895, before Justices VAN SYCKEL, MAGIE and LIPPINCOTT.

For the prosecutrix, *George M. Bacon.*

For the defendant, *Samuel M. Roberts.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This *certiorari* brings up for review the proceedings and judgment in attachment, in the court for the trial of small causes, before Philip Schmitz, one of the justices of the peace of the county of Camden, wherein Joseph Schaffer was plaintiff and Mollie Orenstine was defendant. The affidavit upon which the writ was issued was in due form.

The writ is directed to "any constable of the county of Camden." After the writ was issued by the justice of the peace, he deputized one George R. Thompson, a private citizen, to execute the same, and the writ was by him executed and returned, and the justice continued the proceedings in attachment and rendered judgment in favor of the plaintiff and against the defendant.

Section 84 of the act for the relief of creditors against absconding and absent debtors (*Gen. Stat.*, *p.* 113), provides that the writ of attachment issued by a justice of the peace holding the court for the trial of small causes shall be directed to a constable, who shall execute the same on the effects, rights and credits of the defendant according to the statute, and then upon the return thereof the justice can, in accordance with this section, proceed to judgment and execution.

It is clear that a constable is the only person qualified or authorized to execute this writ and make return thereto. The statute so clearly directs the manner of the execution and return that there can remain no doubt of the correctness of this proposition. The constable is the official appointed by the statute, and the only one qualified to perform these duties, and no authority exists in the justice of the peace to appoint a private citizen to execute the writ and make a return.

In courts for the trial of small causes the constables are made by the statute the officials to execute the process within the county. *Robins* v. *Martin,* 15 .*Vroom* 368.

The execution of the writ and the return thereto could only be made by a constable, and without such execution and return the justice of the peace holding the court for the trial of small causes had no authority to proceed to judgment.

The judgment must be reversed, with costs.